NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 6 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10244 |
| Plaintiff-Appellee, | D.C. No. 1:12-cr-00160-LJO-SKO-1 |
| v. | |
| DIAMANTE ALFRED, AKA Alfred, AKA Diamante Deshon, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted March 3, 2020**

Before:    MURGUIA, CHRISTEN, and BADE, Circuit Judges.

Diamante Alfred appeals from the district court's judgment and challenges the 60-month sentence imposed upon his second revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2). Accordingly, Alfred's request for oral argument is denied.

Alfred contends that the district court improperly based the sentence on an earlier promise to impose the statutory maximum term if Alfred violated supervised release, rather than an individualized sentencing determination. He also contends that the district court's purported predetermination of his sentence required the court's recusal under 28 U.S.C. § 455 and the Due Process Clause. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. Though the district court referred during the revocation hearing to its earlier promise that a violation of supervised release would result in imposition of the statutory maximum term, the district court considered the 18 U.S.C. § 3583(e) factors and properly based the sentence on the need to protect the public, Alfred's multiple breaches of the court's trust, and a determination that Alfred was not amenable to supervision. *See United States v. Simtob*, 485 F.3d 1058, 1062 (9th Cir. 2007). Further, contrary to Alfred's contention, the district court's explanation of its decision to impose the statutory maximum sentence was adequate. *See United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc). This record does not support Alfred's argument that the court's decision to impose the 60-month sentence was based on improper bias, and the district judge did not plainly err by failing to recuse himself. *See United States v. Rangel*, 697 F.3d 795, 804 (9th Cir. 2012).

Alfred next contends that the sentence is substantively unreasonable. The

19-10244

district court did not abuse its discretion.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).  The above-Guidelines sentence is substantively reasonable in light of the § 3583(e) sentencing factors and totality of the circumstances, including Alfred's poor performance on supervision and the nature of his violations.  *See Gall*, 552 U.S. at 51.

**AFFIRMED.**